IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON, DIVISION

| | | |
|---|---|---|
| **JAMES EDWARD BRIGGS** | § | |
| | § | |
| VS. | § | C. A. NO. 4:13-cv-1796 |
| | § | |
| **WALGREEN CO.** | § | |

## NOTICE OF REMOVAL

Defendant WALGREEN CO. files this Notice of Removal pursuant to 28 U.S.C.§ 1446(a) and respectfully shows the court the following:

### I.

### PROCEDURAL BACKGROUND

1. On or about May 20, 2013, Plaintiff filed his Original Petition in the matter styled Cause No. 2013-29904; *James Edward Briggs vs. Walgreen Co.*, in the 127TH Judicial District Court of Harris County, Texas.

2. On June 11, 2013, Defendant was served with a copy of a Citation and the Original Petition in the state court cause of action. Thus, this Notice of Removal is filed within the thirty-day statutory time period for removal. 28 U.S.C. § 1446(b).

### II.

### BASIS FOR REMOVAL

A. Diversity of Citizenship.

3. Removal is proper under 28 U.S.C.§ 1332(a)(1), as there is complete diversity of citizenship. According to Plaintiff's Original Petition, Plaintiff is a citizen of the State of Texas. Defendant Walgreen Co. is a corporation, incorporated under the laws of Illinois, with its principal place of business in Illinois, and thus is a corporate citizen of that state.

B.     Amount in Controversy is Satisfied.

4.     Paragraph 3.2 of Plaintiff's Original Petition states that "Plaintiff seeks monetary recovery of over $100,000 but not more than $200,000".   Further, his petition alleges that Defendant dispensed him incorrect prescription medications.   Paragraph 4.9 alleges that, as a result of taking the medications, he "began experiencing symptoms related to chest pains, shortness of breath, dizziness, excessive sleepiness and rapid heartbeat".   He goes on to allege:

> 4.10 On May 26, 2011, Plaintiff began experiencing heavy nosebleeds and vomiting. Plaintiffs mother rushed him to St. Luke's Hospital's emergency room where it was determined that Plaintiff had been taking adult dosages of Indomethacin and Hydrocodone. The medications had not been prescribed to Plaintiff. The medications, however, were prescribed to Plaintiffs uncle and were for the treatment of his gout. St. Luke's physicians diagnosed and treated Plaintiff for "accidental overdose". Claimant was monitored for a few hours and then released from the hospital….
>
> 4.14 On June 8, 2011 Plaintiff, while enrolled in summer school and attending classes, began experiencing chest pains and shortness of breath. Plaintiff visited the school's nurse and was informed that he had a 101 degree fever. Plaintiff was rushed to St. Luke's Hospital wherein he was diagnosed and quickly admitted into the hospital for pneumonia. Plaintiff remained in the hospital and received treatment for pneumonia until his release on June 11, 2011.
>
> 4.15 Not only did Plaintiff suffer serious bodily injury and physical pain, he also experienced mental anguish and suffering. One example is that after being diagnosed with "accidental overdose", Plaintiff became afraid to take medication and began seeing a psychologist employed with the Family Services of Greater Houston in order to help him deal .the overdose he endured, the injuries suffered and the newfound fear of taking medication. Another example of Plaintiff s mental anguish and suffering is due to the pneumonia he suffered, that was triggered by the prescription misfill, which caused Plaintiff to miss required days of summer school. This lead (sic) to Plaintiff's failing and having to repeat the eleventh grade.

5. Paragraph 8.2 of the Petition prays for "actual and exemplary damages, attorneys' fees, pre-judgment and post-judgment damages as well as emotional distress and mental anguish and punitive damages".

6. Therefore, the amount in controversy requirement for removal of the case is satisfied, as the amount in controversy exceeds $75,000, exclusive of interest and costs.

III.

THE REMOVAL IS PROCEDURALLY CORRECT

7. On May 20, 2013, Plaintiff filed this lawsuit. Defendant was subsequently served with a copy of a Citation and the Original Petition on June 11, 2013.  Thus, this Notice of Removal is filed within the thirty-day statutory time period for removal.  28 U.S.C.§ 1446(b).

8. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rose to the Plaintiff's claim allegedly occurred in this district.

9. Pursuant to 28 U.S.C § 1446(a), Defendant has attached copies of all pleadings filed in the case.  The state court in which the case was filed does not utilize a paper docket sheet.  Therefore, Defendant has attached a copy of the Harris County District Clerk website's Settings and Judgments/Events screens pertaining to the case. Pursuant to Local Rule 81, an index of documents being filed, including a list of all parties and counsel of record, pleadings, orders and all executed process in the state court action, and a Civil Cover Sheet are attached.

10. Pursuant to 28 U.S.C. § 1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

11. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this notice of removal will be filed with the clerk of the state court in which this action is pending.

THEREFORE, Defendant, Walgreen Co. respectfully requests that the above-entitled action be removed from the 127th Judicial District Court of Harris County, Texas to the United States Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

LAW OFFICE OF PHIL GRIFFIS

By: *Phil Griffis*
PHIL GRIFFIS
SBOT No.08476400
Federal No. 10528
2525 Bay Area Blvd., Suite 195
Houston, TX 77058
Telephone: (832) 284-4013
Facsimile: (713) 493-7253
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was served, in the manner shown below, according to the FRCP in this the 20th day of June 2013.

cc: Shannon L. Keaton         Via ECF and Certified Mail RRR
    The Keaton Law Firm, PLLC
    3730 Kirby Drive, Suite 1200, #178
    Houston, TX 77098

*Phil Griffis*
PHIL GRIFFIS