

**CORPORATION SERVICE COMPANY®**

**null / ALL**
**Transmittal Number: 11269364**
**Date Processed: 06/12/2013**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Walgreens Distribution<br>Corporation Service Company- Wilmington, DELAWARE<br>2711 Centerville Rd<br>Suite 400<br>Wilmington, DE 19808 |

| | |
|---|---|
| **Entity:** | Walgreen Co.<br>Entity ID Number  0501431 |
| **Entity Served:** | Walgreen Co |
| **Title of Action:** | James Edward Briggs vs. Walgreen Co. |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Harris County District Court, Texas |
| **Case/Reference No:** | 2013-29904 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 06/11/2013 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Shannon L. Keaton<br>832-453-6995 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# CERTIFIED MAIL BY CONSTABLE

RECEIPT NUMBER __16176__    70.00
TRACKING NUMBER __72913006__    CTM

**CAUSE NUMBER** ___201329904___

| | |
|---|---|
| **PLAINTIFF:** BRIGGS, JAMES EDWARD <br> vs. <br> **DEFENDANT:** WALGREEN CO | **In The** 127th <br> **Judicial District Court of** <br> **Harris County, Texas** <br> Delivery this JUN 5 2013 20__ <br> **ALAN ROSEN, Constable** <br> Precinct #1, Harris County <br> By _____ /CM <br> **Deputy** |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

TO: WALGREEN CO MAY BE SERVED THROUGH ITS REGISTERED AGENT PRENTICE HALL
CORPORATION

211 EAST 7TH STREET SUITE 620  AUSTIN TX 78701

Attached is a copy of __PLAINTIFF'S ORIGINAL PETITION__ .

This instrument was filed on the ___20th___ day of ___May___ , 20 _13_ , in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

**This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___31st___ day of ___May___ , 20 _13_.

*Chris Daniel*

**CHRIS DANIEL, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O. Box 4651, Houston, Texas 77210**

Issued at request of:
KEATON, SHANNON LADWAN MATHI
3730 KIRBY DR #1200
HOUSTON, TX 77098
Tel: (713) 831-6846
Bar Number:  24041227

**Generated by:** TAYLOR, SHANELLE L   3VT/CMA/957606

## OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20____, at _____ o'clock ___.M., endorsed the date of delivery thereon. and executed it at _____, _____,
(street address)                                           (city)

in _____ County, Texas on the _____ day of _____, 20____, at _____ o'clock ___. M.,
by delivering to _____, by delivering to its
(the defendant corporation named in citation)

_____, in person, whose  name is _____,
(registered agent, president, or vice-president)

a true copy of this citation, with a copy of the _____ Petition attached.
(description of petition, e.g., "Plaintiffs Original"

and with accompanying copies of _____.
(additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $ _____         By: _____
(signature of officer)

Printed Name: _____

As Deputy for: _____
(printed name & title of sheriff or constable)

_____
Affiant Other Than Officer

On this day. _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 _____

_____
Notary Public

N.INT.CITC.P

**2013-29904**

NO. _____

| | | |
|---|---|---|
| **JAMES EDWARD BRIGGS** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | 10TH **JUDICIAL DISTRICT** |
| | § | |
| **WALGREEN CO.** | § | |
| **Defendant.** | § | **OF HARRIS COUNTY, TEXAS** |

FILED
Chris Daniel
District Clerk
MAY 20 2013
Harris County, Texas

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

     **NOW COMES** James Edward Briggs (hereinafter, "Plaintiff"), complaining of and about Walgreen Co. (hereinafter "Defendant" or "Walgreens"), and for cause of action shows unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.1     Plaintiff intends that discovery be conducted under Discovery Level 2.

### II. PARTIES AND SERVICE

2.1     Plaintiff, James Edward Briggs, is an Individual whose address is 11819 Meadow Place Drive, Houston, Texas 77071.

2.2     The last three numbers of Plaintiff's driver's license number are 038. The last three numbers of Plaintiff's social security number are 559.

2.3     On information and belief, Defendant Walgreen Co. is an Illinois corporation with its principal place of business located at 104 Wilmot Road, #1435, Deerfield, Illinois 60050. Defendant is authorized to do business and is doing business in the state of Texas. Defendant may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving its registered agent as disclosed on the website maintained by the Texas Secretary of State, Prentice Hall Corporation, at 211 East 7th Street, Suite 620, Austin, Texas 78701. Service of

said Defendant as described above can be effected by certified mail, return receipt requested.

## III. JURISDICTION AND VENUE

3.1     The subject matter in controversy is within the jurisdictional limits of this court.

3.2     Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

3.3     This court has jurisdiction over Defendant Walgreen Co., because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Walgreen Co. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

3.4     Plaintiff would show that Defendant Walgreen Co. had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

3.5     Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant Walgreen Co. to the State of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

3.6     Furthermore, Plaintiff would show that Defendant Walgreen Co. engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas and said Defendant recruits or has recruited Texas residents for employment inside or outside this state.

3.7     Venue in Harris County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. FACTUAL BACKGROUND

### A.  DEFENDANT WALGREEN COMPANY'S HISTORY

4.1     On information and belief, Defendant is one of if not the largest drugstore chains in the United States and owns and operates drugstores in all 50 states, the District of Columbia and Puerto Rico.

4.2     On information and belief, Defendant provides over 6 million customers with pharmacy (including dispensing prescription drugs), health and wellness services and advice. According to its public statements, Defendant expressed its vision to become "My Walgreens" for every American by being "America's first choice for health and daily living". In fact, Defendant's self proclaimed title is "The Pharmacy America Trusts."

4.3     On information and belief, Defendant holds itself out to be the leader in pharmacy safety initiatives. However, the number of lawsuits filed against Defendant due to the number of misfilled prescriptions within its pharmacies is on the rise. In fact, Defendant has a very public history of lawsuits filed against it based on negligently misfilling prescriptions. In recent years, the verdicts against Defendant for prescription negligence have exceeded $61 million.

### B.  PLAINTIFF JAMES EDWARD BRIGGS' STORY

4.4     Plaintiff, at the time of the incident, was 17 years old and enrolled in high school. Plaintiff trusted Defendant and its pharmacist to act prudently when he had his prescription drug medication filled by the Walgreens store located at 12611 S. Gessner Dr., Houston, Texas 77071. Plaintiff discovered that the pharmacist carelessly and recklessly misfilled his prescription causing serious injuries discussed hereinbelow.

4.5     On May 24, 2011, Plaintiff was treated at St. Luke's Hospital in Houston, Texas for a rash and hives associated with poison ivy and was prescribed the antibiotic Prednisone. On

that same day while accompanying Plaintiff, Plaintiff's uncle was treated at St. Luke's Hospital for symptoms related to gout and was prescribed the antibiotics Indomethacin and Hydrocodone.

4.6 On May 24, 2011, Plaintiff's mother dropped off Plaintiff's prescription at Walgreens as well as his uncle's prescription. That same evening Plaintiff's mother returned to Walgreens. The pharmacist issued Plaintiff's prescription without counseling and stated that the uncle's prescription was not ready for pickup. Plaintiff was given three bottles of medicine, each containing his name on the bottles. (See *Exhibit A*).

4.7 Defendant dispensed the medications without giving or offering to counsel Plaintiff regarding the medications, even though such counseling is required by the Omnibus Budget Reconciliation Act of 1990 ("OBRA '90") and Title 22; Section 291.33(c)(1) of the Texas Administrative Code, which deems such counseling should be made by the Pharmacist "in a face to face communication with the Patient of Caregiver". Had Plaintiff received counseling, the Pharmacist would have noticed that Plaintiff was given both his prescription and that of his uncle's and the Pharmacist would have corrected the error prior to giving the incorrect medications to Plaintiff.

4.8 On May 25, 2011, Plaintiff's mother went back to Walgreens for the uncle's prescription and was once again told it was not yet ready for pickup.

4.9 Plaintiff began taking the medication on May 24, 2011 and unbeknownst to Plaintiff, continued taking the wrong medication for two days. Within those two days, Plaintiff began experiencing symptoms related to chest pains, shortness of breath, dizziness, excessive sleepiness and rapid heartbeat.

4.10 On May 26, 2011, Plaintiff began experiencing heavy nose bleeds and vomiting. Plaintiff's mother rushed him to St. Luke's Hospital's emergency room where it was determined

that Plaintiff had been taking adult dosages of Indomethacin and Hydrocodone. The medications had not been prescribed to Plaintiff. The medications, however, were prescribed to Plaintiff's uncle and were for the treatment of his gout. St. Luke's physicians diagnosed and treated Plaintiff for "accidental overdose". Claimant was monitored for a few hours and then released from the hospital.

4.11    Indomethacin or Indometacin is a non-steroidal anti-inflammatory drug (NSAID) commonly used as a prescription medication to reduce fever, pain, stiffness, and swelling associated with arthritic gout. Individuals who are prescribed Indomethacin have a higher risk of heart attack, stroke, and/or death. Indomethacin may cause ulcers, bleeding, or holes in the stomach or intestine. These problems may develop at any time during treatment, may happen without warning symptoms and may cause death.

4.12    Hydrocodone is a Schedule II narcotic which can cause drowsiness, dizziness, nausea, constipation, urinary retention and in higher amounts, depressed respiration. Long term use can lead to dependence and addiction. Withdrawal symptoms include restlessness, muscle and bone pain, insomnia, diarrhea, and vomiting.

4.13    On May 26, 2011, Defendant was notified of St. Luke's findings and of its grave mistake and negligence in misfilling the prescription. Walgreen's pharmacist admitted and accepted liability for the prescription misfill.

4.14    On June 8, 2011 Plaintiff, while enrolled in summer school and attending classes, began experiencing chest pains and shortness of breath. Plaintiff visited the school's nurse and was informed that he had a 101 degree fever. Plaintiff was rushed to St. Luke's Hospital wherein he was diagnosed and quickly admitted into the hospital for pneumonia. Plaintiff remained in the hospital and received treatment for pneumonia until his release on June 11, 2011.

4.15    Not only did Plaintiff suffer serious bodily injury and physical pain, he also experienced mental anguish and suffering. One example is that after being diagnosed with "accidental overdose", Plaintiff became afraid to take medication and began seeing a psychologist employed with the Family Services of Greater Houston in order to help him deal the overdose he endured, the injuries suffered and the newfound fear of taking medication. Another example of Plaintiff's mental anguish and suffering is due to the pneumonia he suffered, that was triggered by the prescription misfill, which caused Plaintiff to miss required days of summer school. This lead to Plaintiff's failing and having to repeat the eleventh grade.

### V. AGENCY AND RESPONDEAT SUPERIOR

5.1    Whenever in Plaintiff's Original Petition, it is alleged that Defendant did any acts and/or omissions, it is meant that Defendant, itself or agents, officers, partners, servants, employees or representatives did such acts and/or omissions and such acts were done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant to its agents, officers, partners, servants, employees or representatives.

5.2    Defendant is therefore liable to Plaintiff for the acts and/or omissions of any such agents, officers, partners, servants, employees or representatives complained of herein by virtue of such agency relationship and under the doctrine of respondeat superior.

### VI. PHARMACEUTICAL NEGLIGENCE OF DEFENDANT

6.1    The allegations contained in all of the paragraphs of this Original Petition are hereby realleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

6.2    Defendant committed acts of omission and commission, which collectively and

severally constituted negligence, which were a proximate cause of the damages to Plaintiff.

### A.     PHARMACIST DUTY OF CARE

6.3     Defendant owed a legal duty of care to Plaintiff to properly fill his prescription. Defendant's pharmacists are held to a higher standard of care because of the level of education and training received to prevent the kind of accident that caused the Plaintiff's injuries. Defendant breached the legal duty when its pharmacist negligently misfilled Plaintiff's prescription.

6.4     Defendant's breach of the legal duty of care proximately caused Plaintiff's injuries. The negligence of Defendant was a direct and proximate cause of Plaintiff's injuries that resulted in damages to Plaintiff described more fully hereinbelow, for which Defendant is liable to Plaintiff.

### B.     PHARMACIST DUTY WARN

6.5     Defendant owed a legal duty to counsel Plaintiff at the time of purchase. Defendant breached the legal duty when its pharmacist negligently failed to counsel and/or offer counseling to Plaintiff.

6.6     Defendant's breach of the legal duty to counsel proximately caused Plaintiff's injuries. The negligence of Defendant was a direct and proximate cause of Plaintiff's injuries that resulted in damages to Plaintiff described more fully hereinbelow, for which Defendant is liable to Plaintiff.

### VII. BREACH OF WARRANTY

7.1     The allegations contained in all of the paragraphs of this Original Petition are hereby realleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

7.2     Defendant committed acts of omission and commission, which collectively and severally constituted a breach of warranties, which were a proximate cause of the damages to Plaintiff.

7.3     Defendant expressly warranted and/or impliedly warranted that the medication provided to Plaintiff was the medication his physician had prescribed to him, was safe, merchantable and fit for the purpose for which it was manufactured, and for sale to the ultimate consumer, including Plaintiff.

7.4     Defendant breached the aforementioned warranties in that the medication provided was not that in which was prescribed for Plaintiff's health condition, it was unsafe and it was unfit and dangerous for the ultimate consumer, namely, Plaintiff.

7.5     Defendant's breach of one or more said warranties proximately caused Plaintiff's injuries. Defendant's breach of warranties was a direct and proximate cause of Plaintiff's injuries that resulted in damages to Plaintiff described more fully hereinbelow, for which Defendant is liable to Plaintiff.

## VIII. DAMAGES

8.1     Plaintiff herein incorporates all of the paragraphs of this Original Petition for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

8.2      As a direct and proximate cause of the actions of Defendant listed above, Plaintiff has suffered damages. These damages include but are not limited to actual damages, exemplary damages, attorneys' fees, pre-judgment and post-judgment damages as well as emotional distress and mental anguish and punitive damages.

### A.     ACTUAL DAMAGES

8.3     Plaintiff seeks actual damages for medical expenses incurred as a result of the actions and/or omissions of Defendant.

**B.    EXEMPLARY DAMAGES**

8.4    Plaintiff seeks exemplary damages for the harm caused by Defendant's willful actions and/or omissions.

**C.    ATTORNEY'S FEES AND COSTS**

8.5    Plaintiff seeks all reasonable and necessary attorney's fees, court costs and expenses incurred in the prosecution of this suit, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (b) common law.

**D.    CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST**

8.6    Plaintiff claims interest in accordance with Texas Finance Code §304.001 et seq. and any other applicable law.

**E.    MENTAL ANGUISH DAMAGES**

8.7    Plaintiff seeks damages for the mental pain as well as emotional distress caused by the actions and/or omissions of Defendant.

**F.    Punitive Damages**

8.8    Plaintiff seeks punitive damages for the harm caused by Defendant's negligent, reckless, intentional, in breach of fiduciary obligation and tortuous actions and/or omissions.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, James Briggs, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court,

together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

**THE KEATON LAW FIRM, PLLC**
3730 Kirby Drive, Suite 1200, #178
Houston, Texas 77098
Tel: 832-453-6995, Fax: 281-341-5955

By: _____
Shannon L. Keaton
Texas Bar No. 24041224
Attorney for Plaintiff
James Edward Briggs

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

# Mis-Filled Prescriptions




Indomethacin




Hydrocodone

James Briggs- Walgreens Pharmacy

The Keaton Law Firm



Constable Alan Rosen
Harris County Pct. 1
PO BOX 52578
Houston Texas 77052-2578

91 7190 1037 6610 0004 5541

addressee only, restricted delivery!

U.S. POSTAGE >> PITNEY BOWES

ZIP 77002 $ 009.96⁰
02 1W
0001371269 JUN. 06. 2013

RETURN SERVICE REQUESTED

WALGREEN CO
BY SERVING IT'S REGISTERED AGENT:
PRENTICE-HALL
211 EAST 7TH STREET SUITE 620

AUSTIN TX 78701

PLEASE
DO NOT FORWARD
ADDRESS LISTED ONLY!

